**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NAACP LEGAL DEFENSE AND<br>EDUCATIONAL FUND, INC.,<br>40 Rector Street, 5th Floor<br>New York, NY 10006<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br>725 17th Street, NW<br>Washington, DC 20503<br>　　　　　　　　Defendant. | **Case No. 1:21-cv-01162** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552, *et seq.***

1.　　The NAACP Legal Defense and Educational Fund, Inc. ("LDF" or "Plaintiff")
brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as
amended, to obtain declaratory, injunctive, and other appropriate relief, requiring the U.S. Office
of Management and Budget ("OMB" or "Defendant") to respond to a FOIA request that LDF sent
on October 5, 2020 (the "Request") and to promptly disclose the requested records.

2.　　The Request seeks certain records concerning Executive Order 13950, entitled
"Executive Order on Combatting Race and Sex Stereotyping," which was signed by President
Trump on September 22, 2020 (the "Executive Order" or "EO 13950").  *See* Decl. of Ajmel
Quereshi (hereinafter "Quereshi Decl."), Ex. A (Request).

3.　　The Request seeks records concerning, *inter alia*: (a) "the creation, drafting,
development, or promulgation of the Executive Order," including documents regarding seminars
and training materials expressly referenced in the Executive Order; (b) "requests made by or to
federal agencies seeking examples of diversity, racial sensitivity or other racial inclusivity
trainings conducted in the past three years that might be implicated by [the Executive Order], and

1

the responses received from those agencies"; (c) the "financial impact of the Executive Order"; (d) "expenditures necessary to implement the Executive Order"; (e) "the implementation of the Executive Order"; and (f) "communications received in response to the Executive Order," including to the reporting hotline referenced in the Executive Order.

4.     LDF has been following up with OMB's FOIA Office about the Request for over five months.  Among these communications, in response to two separate e-mail inquiries from LDF, OMB sent nearly identical e-mails on November 10, 2020 and February 2, 2021 stating, *inter alia*, that "[t]he current status of your FOIA request is that we initiated a search for potentially responsive documents and that your FOIA request is continuing to be processed."  On February 4, 2021, in response to another e-mail inquiry from LDF, OMB stated: "We expect to complete the search for potentially responsive records by February 26, 2021."  OMB has not provided any update or other communication since that date, nor has OMB provided any documents responsive to the Request.

**BACKGROUND**

5.     The Trump administration took numerous steps to undermine efforts to foster diversity and inclusion in the workplace.  Among these, the September 22, 2020 Executive Order struck at the heart of trainings and other forms of private speech in the workplace concerning continuing manifestations of entrenched discrimination and bias against people of color, women, and LGBTQ individuals.  The Executive Order prohibited, *inter alia*, federal agencies and current and prospective federal contractors and federal grant recipients from discussing or promoting supposedly "divisive" concepts like systemic race and sex discrimination or implicit race and sex biases.  *See* EO 13950 §§ 2-6.  In addition, the Executive Order required the heads of all federal agencies to submit a report to OMB within 60 days listing all grant programs for which the agency

may, as a condition of receiving such grant, require a certification of compliance with the Executive Order.  *See id.* § 5.  The Executive Order also instructed the U.S. Department of Labor to establish a "hotline and investigate complaints" of purported violations.  *Id.* § 4(b).

6.    Shortly after the Executive Order's issuance, OMB published a Memorandum entitled "Ending Employee Trainings that Use Divisive Propaganda to Undermine the Principle of Fair and Equal Treatment for All," which gave additional content to the Executive Order's directives.  *See* Off. of Mgmt. & Budget, Exec. Off. of the President, OMB M-20-37 (Sept. 28, 2020).  The Memorandum expanded on the Executive Order by highlighting terms such as "critical race theory," "white privilege," "intersectionality," "systemic racism," "positionality," "racial humility," and "unconscious bias" as key to identifying the "divisive" diversity training programs targeted by the Executive Order.  *Id*. at 2.

7.    Although the current presidential administration repealed the Executive Order on January 20, 2021 (*see* Executive Order 13985), disclosure of the records that LDF seeks through this Action would serve the public interest because it would facilitate the public's understanding of the motivations for the Order and the extent to which OMB implemented the Executive Order, among other things.  Both pieces of knowledge would directly inform LDF's efforts in that they would reveal the degree to which additional action is needed to remedy the effects of the Order and of other similar actions taken by the Trump Administration.  Moreover, disclosure of these records is necessary for LDF's monitoring of the eradication of racial discrimination in workplaces and other sectors of society, which LDF has monitored and litigated for over eight decades.

8.    This Action is necessary because more than six months have elapsed since OMB received the Request and OMB has failed to provide LDF with a determination of its compliance with the Request despite myriad inquires.  LDF repeatedly has attempted to communicate with

OMB to facilitate a response to LDF's Request, but those efforts have been unavailing.  OMB has repeatedly indicated that it will produce a response promptly or by a date certain, and then has inexplicably failed to provide the response promised.

## JURISDICTION

9.     This Court has subject-matter jurisdiction over this Action and personal jurisdiction over Defendant under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701-706, and 28 U.S.C. § 1331.

## VENUE

10.     Venue is proper in the United States District Court for the District of Columbia pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. § 1391(e), because a substantial portion of the events giving rise to this action occurred in this District, and because Defendants maintain records and information subject to the Request in this District.

## PARTIES

11.     Plaintiff NAACP Legal Defense and Educational Fund, Inc. is a non-profit 501(c)(3) corporation established under the laws of the State of New York.  LDF is the nation's oldest civil and human rights law organization, founded in 1940 by Thurgood Marshall, who later became the first Black Associate Justice of the Supreme Court of the United States.  Since its inception, LDF has used legal, legislative, public education, and advocacy strategies to promote full, equal, and active participation of African Americans in our country's democracy.   In furtherance of its mission, LDF has worked for over eight decades to dismantle racial segregation and ensure equal educational opportunities for all.  LDF's efforts to eliminate barriers for African Americans across society have included seminal Supreme Court decisions related to a broad range of racial justice issues, including employment discrimination, gender discrimination, and the importance of workplace diversity.  *See, e.g.*, *Lewis v. City of Chicago*, 560 U.S. 205 (2010);

*Phillips v. Martin Marietta Corp.*, 400 U.S. 542 (1971); *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971).

12.    Defendant Office of Management and Budget is an office within the Executive Office of the President of the United States and an agency within the meaning of 5 U.S.C. § 552(f). OMB produces the President's budget and ensures that agency programs, policies, and procedures comply with the President's policies.  Pursuant to EO 13950, the heads of all federal agencies were required to submit a report to OMB within 60 days of the issuance of that Executive Order listing all grant programs for which the agency may, as a condition of receiving such grant, require a certification of compliance with the Executive Order.  *See* EO 13950 § 5.  Additionally, in September 2020, OMB issued guidance on federal agencies' implementation and enforcement of EO 13950.  *See* Off. of Mgmt. & Budget, Exec. Off. of the President, OMB M-20-37 (Sept. 28, 2020).

## THE FREEDOM OF INFORMATION ACT

13.    Under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, all federal agency records are accessible to the public, unless the government shows that they are specifically exempt. The Supreme Court has explained that "[t]he basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."  *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978); *see also Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) ("[D]isclosure, not secrecy, is the dominant objective of the Act.").  Thus, the Supreme Court has recognized a presumption in favor of disclosure, with the burden falling on the government agency to justify any nondisclosure.  *See, e.g.*, *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 755 (1989) ("If an agency improperly withholds any documents, the district court has

jurisdiction to order their production.  Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden on the agency to sustain its action.") (internal quotation marks omitted).

14.     The Freedom of Information Act imposes certain time limits on government agencies to ensure that FOIA requests are not neglected.  An agency is required to make a determination as to whether it will comply with a FOIA request within 20 working days of receiving the request.  *See* 5 U.S.C. § 552(a)(6)(A)(i).  Likewise, an agency is required to make a determination on an appeal within 20 working days of receiving the appeal.  *See id.* § 552(a)(6)(A)(ii).  Agencies are prohibited from tolling the 20-day response period for FOIA requests except through (1) a single query to the requester regarding the substance of the request; or (2) communications with the requester regarding fee assessment.  *See id.* § 552(a)(6)(A).  While an agency may extend the 20-day period due to "unusual circumstances," this extension is limited to an additional ten working days.  *Id.* § 552(a)(6)(B).

## LDF'S REQUESTS AND OMB'S RESPONSES

15.     On October 5, 2020, LDF sent the Request to OMB's FOIA Officer via e-mail and certified mail.  *See* Quereshi Decl., Ex. A; *see also* Quereshi Decl., Ex. B (LDF's e-mail transmitting the Request to OMB's FOIA Office).

16.     Also on October 5, 2020, OMB FOIA Officer Dionne Hardy sent an e-mail to LDF attorney Ajmel Quereshi confirming receipt of the Request and stating: "Your request has been logged in and is being processed.  For your reference, the OMB FOIA number is 2021-003." Quereshi Decl., Ex. C.

17.     On November 9, 2020, Mr. Quereshi sent an e-mail to Ms. Hardy about the status of the Request, stating: "OMB's response to the FOIA request below was due within 20 business

days. Accordingly, we expected a response by November 2, 2020, but have not received one. Please provide an update on the status of the response to the request and, in particular, if a response has been provided." Quereshi Decl., Ex. D.

18.     On November 10, 2020, OMB's FOIA Office replied to Mr. Quereshi's e-mail, stating:

> Thank you for your status inquiry regarding the Freedom of Information Act (FOIA) request submitted to the Office of Management and Budget (OMB) and assigned tracking number 2021-003. The current status of your FOIA request is that it has been assigned to a team member to perform a search for potentially responsive documents.
>
> We ask for your patience as we continue to process your FOIA request. Please be advised that OMB is experiencing a significant backlog of FOIA requests and we are doing our best to respond to each request as quickly as possible in the order they are received. Toward that end, please note that there are several hundred FOIA requests ahead of yours in our backlog queue. We appreciate your understanding and patience.

Quereshi Decl., Ex. E.

19.     On December 16, 2020, Mr. Quereshi sent another e-mail to OMB's FOIA Office to inquire about the status of OMB's response to the Request, stating: "It has now been nearly 2.5 months since LDF sent the FOIA request referenced below. Please provide an update on the status of OMB's response to the request." Quereshi Decl., Ex. F.

20.     Having received no response to his December 2020 communication, on February 1, 2021, Mr. Quereshi sent another e-mail to OMB's FOIA Office stating: "I write to seek a status update regarding the abovementioned FOIA request, filed more than 3.5 months ago. LDF has yet to receive a response to this request. Please provide a response to this request or indicate when a response will be forthcoming by the close of business on February 8, 2020. If we have not received a response by this time, we will seek appropriate judicial relief." Quereshi Decl., Ex. G.

21.     On February 2, 2021, OMB's FOIA Office sent an e-mail response nearly identical to that which it had provided on November 10, 2020:

> The Office of Management and Budget (OMB) received your status inquiry.  The current status of your FOIA request is that we initiated a search for potentially responsive documents and that your FOIA request is continuing to be processed.  We ask for your patience as we process your FOIA request.  OMB is experiencing a significant backlog of FOIA requests and we are doing our best to respond to each request as quickly as possible in the order they are received.  Toward that end, please note that there are several hundred FOIA requests ahead of yours in our backlog queue.  We hope this information is helpful and appreciate your understanding as OMB works through its backlog of FOIA requests.

Quereshi Decl., Ex. H.

22.     Later that day, Mr. Quereshi replied to OMB's FOIA Office, stating: "Thanks for your email.  Please provide a date by which you expect to have completed your search and produce the documents requested.  We appreciate the Office's search, but it is unclear what progress has been made since an identical email was sent in early November."  Quereshi Decl., Ex. I.

23.     On February 4, 2021, OMB's FOIA Office sent an e-mail to Mr. Quereshi representing: "We expect to complete the search for potentially responsive records by February 26, 2021."  Quereshi Decl., Ex. J.

24.     Mr. Quereshi replied that same day, stating: "Thank you.  We look forward to OMB's response."  Quereshi Decl., Ex. K.

25.     Since February 4, 2021, however, LDF has not received any update or other communication from OMB.

26.     As of the filing of this Complaint, and notwithstanding OMB's representation that it "expect[ed] to complete the search for potentially responsive records by February 26, 2021," Quereshi Decl., Ex. J, OMB has not notified LDF of a determination as to whether it will comply

with the Request at any point in the near future (nor has OMB provided any documents in response to the Request).

27.     Because OMB failed to make a determination of its compliance with the Request within the 20-business-day time limit provision of FOIA, 5 U.S.C. § 552(a)(6)(A)(i), LDF is deemed to have exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").  Although FOIA typically requires completion of an agency's appeals process before one can seek judicial relief, "[i]f the agency does not make a "determination" within the relevant statutory time period, the requester may file suit without exhausting administrative appeal remedies." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n* ("*CREW*"), 711 F.3d 180, 185 (D.C. Cir. 2013).  An agency "determination" involves the agency collecting and examining the requested documents, and then informing the requesting organization of items to be produced and withheld. *Id*. at 186.  In *CREW*, the court found that CREW was "deemed to have exhausted its administrative appeal remedies," where the Federal Election Commission failed to "make and communicate a 'determination'" within the statutory time period. *Id*. at 190.  Likewise here, LDF is deemed to have exhausted its administrative remedies under the statute and an administrative appeal is not necessary because OMB has failed to provide LDF with a determination on the Request within the time limit set by 5 U.S.C. § 552(a)(6)(A)(i).

## CLAIMS

### Count I: Violation of FOIA for Failure to Provide a Determination Within 20 Business Days

28.     Plaintiff repeats and re-alleges the allegations contained in the preceding

paragraphs.

29.     Within 20 days (excepting Saturdays, Sundays, and legal public holidays) after receiving the Request under FOIA, Defendant has a legal duty to determine whether it will comply with the Request and to notify the requester immediately of the agency's determination and the reasons for that determination.

30.     Defendant's failure to determine whether to comply with the Request within 20 business days after receiving it violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and applicable regulations promulgated thereunder.

### Count II: Violation of FOIA for Failure to Make Records Available

31.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs.

32.     Plaintiff has a legal right under FOIA to obtain the specific agency records requested on October 5, 2020, and Defendant has identified no legal basis to refuse to make the requested records promptly available to Plaintiff and the public.

33.     Defendant's failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), and applicable regulations promulgated thereunder.

34.     On information and belief, Defendant currently has possession, custody, or control of the requested records.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court award the following relief:

A.      Declare that Defendant violated FOIA by failing to determine whether to comply with the Request within 20 business days and by failing to notify Plaintiff immediately thereafter of such determination and the reasons for that determination;

B.      Declare that Defendant violated FOIA by unlawfully withholding the requested records;

C.      Order Defendant to immediately disclose the requested records and make copies immediately available to Plaintiff without charge for any search or duplication fees;

D.      Award Plaintiff its reasonable costs and attorneys' fees; and

E.      Award such other relief as this Court may deem just and proper.


Dated:   April 28, 2021

                                                    Respectfully submitted,

                                                    /s/ Ajmel Quereshi
                                                    Ajmel Quereshi (D.C. Bar No. 1012205)
                                                    **NAACP LEGAL DEFENSE AND**
                                                    **EDUCATIONAL FUND, INC.**
                                                    700 14th Street N.W., Ste. 600
                                                    Washington, DC 20005
                                                    Tel: (202) 682-1300
                                                    Fax: (202) 682-1312
                                                    aquereshi@naacpldf.org

                                                    Janai Nelson*
                                                    Jin Hee Lee*
                                                    Amber Koonce*
                                                    **NAACP LEGAL DEFENSE AND**
                                                    **EDUCATIONAL FUND, INC.**
                                                    40 Rector St., 5th Floor
                                                    New York, NY 10006
                                                    Tel.: (212) 965-2200
                                                    Fax.: (212) 226-7592

                                                    *Counsel for Plaintiff*

                                                    * *Pro hac vice application forthcoming*